Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

LINDON MORRISON, individually and on behalf of all others similarly situated,

                              Plaintiff,

  -against-

JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ, as individuals,

                             Defendants.

------------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiff, **LINDON MORRISON, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **LINDON MORRISON, individually and on behalf of all others similarly situated,** through undersigned counsel, brings this action against **JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ**, as individuals (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, located at 3699 Bainbridge Ave., Bronx, NY 10467.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff LINDON MORRISON residing in Springfield Gardens, NY 11413 was employed by Defendants at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, from in or around February 2020 until present.

9. Upon information and belief, Defendant JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, is a corporation organized under the laws of New York with a principal executive office at 3699 Bainbridge Ave., Bronx, NY 10467.

10. Upon information and belief, Defendant JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ are the owners and operators of JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES.

12. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ are agents of JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES.

13. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ are responsible for overseeing the daily operations of JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES.

14. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ have power and authority over personnel decisions at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES.

15. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ have power and authority over payroll decisions at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES.

16. Upon information and belief, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ have the power and authority to hire and fire employees at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, establish and pay their wages, set their work schedule, and maintain their employment records, including Plaintiff.

17. Accordingly, Defendants JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ were Plaintiff's employer within the meaning of the FLSA and NYLL.

18. On information and belief, JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff LINDON MORRISON was employed by JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, as a home health aide, while performing related miscellaneous duties for the Defendants' clients such as but not limited to providing home care, and welfare, companionship, assisting in toileting and grooming and administering medication, from in or around February 2020 until present.

20. During all relevant times herein, Plaintiff performed work at the houses of Defendants' clients.

21. Plaintiff LINDON MORRISON regularly worked seven (7) days per week from in or around February 2020 until in or around December 2021; four (4) days per week from in or around January 2022 until in or around December 2022 and three (3) days per week from in or around January 2023 until present.

22. During Plaintiff LINDON MORRISON's employment with the Defendants, Plaintiff regularly worked the following schedule of shifts:

   i. beginning at approximately 4:00 p.m. each workday and regularly ending at approximately 8:00 a.m. or later, seven (7) days per week from in or around February 2020 until in or around December 2021;

   ii. beginning at approximately 8:00 a.m. each workday and regularly ending the next day at approximately 12:00 p.m. or later for a total of twenty-eight (28) consecutive hours, four (4) days per week from in or around January 2022 until in or around December 2022;

   iii. beginning at approximately 2:00 p.m. and regularly ending at 9:00 p.m. or later, one (1) day per week; and from 8:00 a.m. and regularly ending at 7:00 p.m. or later, one (1) day per week from in or around January 2023 until present, from in or around January 2023 until present.

23. Thus, Plaintiff LINDON MORRISON was regularly required to work approximately one hundred twelve (112) hours per week from in or around February 2020 until in or around December 2022 (accounting for short sleep and quick meal breaks only when possible), and approximately eighteen (18) hours per week from in or around January 2023 until present.

24. Plaintiff LINDON MORRISON was paid by Defendants a flat hourly rate of approximately $30.00 per hour for all hours worked from in or around February 2020 until present.

25. Although Plaintiff LINDON MORRISON worked approximately one hundred twelve (112) hours or more hours per week from in or around February 2020 until in or around December 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked

over forty (40) or forty-four (44) for residential employees, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Furthermore, Plaintiff LINDON MORRISON worked in excess of ten (10) or more hours per day approximately seven (7) days per week from in or around February 2020 until in or around December 2021, four (4) days per week from in or around January 2022 until in or around December 2022, and approximately one (1) day per week from in or around January 2023 until present, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

27. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

28. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.

29. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $139,590,000. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

31. Collective Class: All persons who are or have been employed by the Defendants as home health aides, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

32. Upon information and belief, Defendants employed approximately 450 employees within the relevant time period who were subjected to similar payment structures.
33. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
34. Defendants' unlawful conduct has been widespread, repeated, and consistent.
35. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
36. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
37. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
38. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
39. The claims of Plaintiff are typical of the claims of the putative class.
40. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

42. Plaintiff sues on his own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and brings the Causes of Action on his own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

Home health aides or other similarly titled personnel who are currently or have been employed by the Defendants at JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, located at 3699 Bainbridge Ave., Bronx, NY 10467 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

43. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

44. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

   b. Whether Defendants unlawfully failed to pay spread of hours compensation in violation of and within the meaning of the NYLL;

   c. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

   d. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

   e. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

   f. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   g. Whether Defendants should be enjoined from such violations in the future.

45. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiff is

represented by attorneys who are experienced and competent in both class litigation and employment litigation.

46. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

47. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

48. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

49. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

50. The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. Plaintiff have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

53. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

57. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

60. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor Law**

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

64. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

67. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

70. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid spread of hours compensation;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 7, 2023.
    Kew Gardens, New York.

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDON MORRISON, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES, JOSE NICANOR RODRIGUEZ and NIEVES RODRIGUEZ, as individuals,

Defendants.

**CLASS/COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**To:**

Service via Secretary of State:
**JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES (DOS ID: 2745839)**
3699 Bainbridge Ave., Bronx, New York 10467

Via Personal Service:
**JSP LIFE AGENCY INC. d/b/a JSP HOME CARE SERVICES**
3699 Bainbridge Ave., Bronx, New York 10467

**JOSE NICANOR RODRIGUEZ**

3699 Bainbridge Ave., Bronx, New York 10467

**NIEVES RODRIGUEZ**

3699 Bainbridge Ave., Bronx, New York 10467